# N. Y. SUPERIOR COURT.

## Roswell D. Hatch agt. John J. Bowes.

*Pleading — Complaint — Demurrer —Action to recover award by reason of damage done by change of grade of street.*

At common law, a town or city is not liable for damages resulting to an abutting owner, from a mere change in the grade or surface of the highway, if the change does not extend beyond the limits of the highway. The loss which he suffers from such a change is *damnum absque injuria.*

By Laws of 1852, chapter 52, which is entitled "An act to make permanent the grades of the streets and avenues of the city of New York," compensation is directed to be made in certain cases, and the mode in which the loss or damage shall be ascertained and the award made and paid is prescribed.

The words *"respective parties entitled thereto"* and *"persons entitled to the same,"* as used in section 4 of the statute, refer to *the owners named in the assessment list in whose favor the awards were made by the assessors, and no others.* All others are left to pursue, in the first instance, whatever remedy may be appropriate to effect a revision and correction of the assessment, and in case of non-success or failure to take the necessary steps, they have, except in a few instances, no direct right of action.

So far as the statute gives the right to sue the corporation, the right is confined to the persons who had amounts awarded to them in the assessment list.

But the remedy by action against such as received the award without being entitled thereto, is, as regards those authorized to sue in such case, not restricted to any particular class. The words *"person or persons to whom the same* (viz., the award) ought *to have been paid,"* as used in section 4, include every person seeking to enforce a claim to the award as made, no matter whether his alleged right accrued before or after the making of the award, by operation of law or the act of parties; and every such person may maintain an action against the party to whom the award was paid, or for whose account a deposit was made.

The complaint avers the making and confirmation of the award; that at the time of the actual change of the grade the plaintiff and one Green

were the owners and the persons injured by the change of grade, and entitled to the award; that Green assigned to plaintiff all his estate and interest in the sum awarded; that the board of assessors allowed, and the board of revision confirmed, the said damages to defendant, who claims the same, but that said allowance was made without notice to, or knowledge or consent of, the plaintiff, and without any examination as to the right to said award as between plaintiff and defendant, and that defendant has no right, title or interest in or to said award, or any part thereof; that a small portion of the sum of $1,560 was paid by the comptroller to the chamberlain, who now holds the same. On demurrer by defendant :

*Held*, that the facts set forth in the complaint are sufficient to authorize a recovery against the defendant to the extent of the amount in the hands of the chamberlain, and consequently the demurrer was properly overruled.

*General Term, January,* 1878.

*Before* Curtis, *Ch. J.,* Sedgwick *and* Freedman, *JJ.*

Action to recover $1,560, being the amount of an award made to defendant Bowes by reason of damage done by the change of grade of Manhattan street.

The defendant Bowes demurred to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action against him.

The demurrer was overruled with leave to answer, and from the order entered thereon the defendant appealed.

*Thomas Winsor,* attorney for appellant.

*J. A. Deering,* attorney for respondent.

By the court, Freedman, *J.* — The question presented by the present appeal is one of pleading, and for the purpose of determining it the allegations of the complaint demurred to must be assumed to be true. No facts outside of it can be considered. The said complaint contains no allegation that the plaintiff ever conveyed the premises described therein

to the defendant Bowes, or that the latter has or ever had any title to or interest in the same. It avers the making and confirmation, pursuant to the statutes in such cases made and provided, of the award of $1,560, for the damage and injury done to the premises by the change of the established grade of the street, and the regulation thereof in accordance thereto, and then proceeds as follows:

*Third.* That at the time of the actual change of grade of said street, and of the aforesaid regulation, this plaintiff and one Daniel Green were the owners of said premises, and the persons injured by said change of grade and regulation as aforesaid, and entitled to whatever award or damages made or to be estimated therefor.

*Fourth.* That on the 24th day of January, 1877, the said Daniel Green assigned to said plaintiff all his estate and interest in the sum awarded, as aforesaid, for said damages sustained, as aforesaid.

*Fifth.* That the said board of assessors allowed, and the said board of revision confirmed, the said damages to one John J. Bowes, who is made a party defendant hereto, and who claims the same, but that the said allowance was made without notice to, or the knowledge or consent of, this plaintiff, and without any examination as to the right to said award as between this plaintiff and the said Bowes, and that the said Bowes has no right, title or interest in or to the said award or any part thereof.

These allegations sufficiently show plaintiff's right, and sufficiently deny defendant's claim to the award as made.

The question then arises whether plaintiff has pursued the proper remedy to enforce his right.

At common law a town or city is not liable for damages resulting to an abutting owner from a mere change in the grade or surface of the public highway, if the change does not extend beyond the limits of the highway. The loss which he suffers from such a change is *damnum absque injuria.*

By chapter 52 of Laws 1852, however, compensation is

directed to be made in certain cases, and the statute prescribes the mode in which the loss or damage shall be ascertained and the award made and paid. It also makes provision for cases of conflicting claims to the same award, and for claims by persons under disabilities and by unknown owners whose names could not be ascertained by the assessors, but is to a great extent silent as to the manner in, which conflicting claims are to be determined.

The plaintiff heretofore applied on petition that the comptroller be directed to pay to the chamberlain the said award of $1,560 to await the determination of the rights of the petitioner, and that the court take proof and determine the title of the petitioner and other claimants to the award, and it was held, both at special and general term, that no jurisdiction had been conferred to determine the matter in any such summary manner. At the same time it was intimated that the remedy was by action.

The plaintiff thereupon brought this action in which he asks judgment against the mayor, aldermen and commonalty of the city of New York for the sum of $1,560; that the chamberlain be directed to pay over to the plaintiff a certain part of the said award which has already been paid over to him by the comptroller, and that J. J. Bowes be adjudged to have no interest or title in and to the said award.

The defendant Bowes being the only defendant who interposed a demurrer, it is only necessary to ascertain whether the action as brought is well brought against him.

The complaint contains no allegation of insolvency on the part of Bowes, nor does it contain any other allegation calling for the interposition of the equitable powers of the court, and consequently it must be treated as resting upon the statute exclusively. This renders it necessary that we should re-examine the intimation thrown out by the court on the former occasion, and determine in what cases and to what extent the statute gives a right of action.

Under the statute the awards, if any be made, are to be

Hatch agt. Bowes.

made by the assessors to the owners of the lands or tenements fronting on the street and opposite thereto (*sec.* 3). Within four months after the ratification of the assessment the corporation of the city of New York is directed to pay to the respective parties entitled thereunto the amount of such awards in their favor respectively; and in case of neglect or default to pay the same, after demand therefor, the persons entitled to the same may sue for and recover the amount (*sec.* 4). The words " respective parties entitled thereunto," and " persons entitled to the same," as thus used, evidently refer to the owners named in the assessment list in whose favor the awards were made by the assessors, and no others, and this is the interpretation to be given to the statute. All others are left to pursue in the first instance whatever remedy may be appropriate to effect a revision and correction of the assessment, and in case of non-success or failure to take the necessary steps, they have, except in the few instances to be hereafter stated, no direct right of action.

The statute next provides that in case an award shall be paid to any person or persons not entitled thereto, the person to whom the same ought to have been paid may sue for and recover the same, with lawful interest, and costs of suit, as so much money had and received to his use. The right of action hereby conferred arises after payment, and is enforceable only against the person or persons to whom payment was made. The question as to what persons are included in the words " the person to whom the same ought to have been paid," I shall discuss hereafter.

The plaintiff not having been enumerated in the assessment list as the person entitled to receive the award, and the award, as made, not having been paid over to Bowes, to whom it was made, the action set forth in the complaint cannot be maintained under the provisions of the statute so far considered.

The statute, however, finally provides as follows:

" Provided, that when the name or names of the owner or owners, party or parties are not set forth in the report of the

assessors, or where the said owners, parties or persons respectively, being named therein, shall be insane, a married woman under the age of twenty-one years, or absent from the city, or after diligent search cannot be found, or their title to receive such awards disputed, it shall be lawful for the said mayor, aldermen and commonalty to pay the sum or sums mentioned in said report, or that would be coming to such owners, parties and persons respectively, to the chamberlain of the city of New York, to be secured, disposed of and improved as the superior court shall direct, and such payment shall be as valid and effectual in all respects as if made to the said owners, parties and persons respectively, themselves, according to their just rights, if they had been known and had been present, of full age, single woman and of sound mind."

This proviso again shows that it was the intention of the legislature to shield the corporation against actions at law instituted by persons other than those named in the assessment list. The statute first authorizes all so enumerated to maintain actions directly against the corporation, in case of its neglect or refusal to pay ; to such as are not enumerated, it gives a remedy against those to whom payment may have been made ; and finally, the proviso makes a deposit with the . chamberlain equal to a payment for the purposes of a suit to be brought thereon. But no jurisdiction is conferred to compel a deposit.

The complaint alleges that a small portion of the sum of $1,560 was, on or about the 12th day of January, 1877, paid by the comptroller to the chamberlain, who now holds the same, and hence *to the extent of that deposit* the complaint states a sufficient cause of action against Bowes, provided the plaintiff were authorized to sue, if payment had actually been made to Bowes. The reason for which the deposit was made is immaterial. It may well be that the comptroller set off an assessment levied upon the premises in question for benefit against the sum of $1,560 awarded for damages, and that the amount deposited represents the difference only. Whatever

the fact may be, it is sufficient that there is in the hands of the chamberlain a sum of money representing a portion of the award.

The only remaining question, therefore, is whether the statute would authorize plaintiff to sue Bowes as for money had and received to plaintiff's use, if payment had been made to Bowes.

It has already been shown that, so far as the statute gives the right to sue the corporation, the right is confined to the persons who had amounts awarded to them in the assessment list. But the remedy by action against such as received the award without being entitled thereto, is, as regards those authorized to sue in such case, not restricted to any particular class. As to the parties empowered to bring such a suit, there are no words of limitation. On the other hand, the proviso expressly provides that as against certain parties named a deposit with the chamberlain shall be just as effectual as if payment had been made in some other lawful manner. Upon the whole statute, therefore, I am of the opinion that the words " person or persons to whom·the same (viz., the award) ought to have been paid," are comprehensive enough to include every person seeking to enforce a claim to the award as made, no matter whether his alleged right accrued before or after the making of the award, by operation of law or the act of parties, and that every such person may maintain an action against the party to whom the award was paid or for whose account a deposit was made.

For the reasons stated, the facts set forth in the complaint are sufficient to authorize a recovery against the defendant Bowes, to the extent of the amount in the hands of the chamberlain, and consequently the demurrer was properly overruled.

The order appealed from should be affirmed with costs, and with leave to defendant to answer on payment of costs.

CURTIS, C. J., and SEDGWICK, J., concurred.